## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ARSENAL RESOURCES DEVELOPMENT HOLDINGS 1 LLC, | Case No.  19-12347 (BLS) |
| Reorganized Debtor. | (Jointly Administered) |
| ARSENAL RESOURCES LLC and ARSENAL MIDSTREAM LLC, | |
| Plaintiffs, | |
| v. | |
| BAYOU CITY EQUIPMENT, LLC, CAPITAL FOUNDRY LLC, CLEVELAND BROTHERS EQUIPMENT CO., INC., COFANO ENERGY SERVICES, LLC, CROSS COUNTRY INFRASTRUCTURE SERVICES INC. F/K/A CROSS-COUNTRY PIPELINE SUPPLY CO., INC., DARBY EQUIPMENT COMPANY, GEOCORR LLC, PIPELINE SUPPLY & SERVICE, LLC, and UNITED RENTALS (NORTH AMERICA), INC. | Adv. Proc. No. 19-51169 (BLS) |
| Defendants. | |

## ANSWER WITH COUNTERCLAIM AND CROSS-CLAIMS
## OF CLEVELAND BROTHERS EQUIPMENT CO., INC.

AND NOW comes Defendant Cleveland Brothers Equipment Co., Inc. ("**Cleveland**

**Brothers**"[1]), by and through its undersigned counsel, and for its Answer to the Complaint in the

above-captioned Adversary Proceeding, states as follows:

---

[1] Any capitalized term not defined herein shall have the meaning ascribed to it in the complaint filed in this adversary proceeding by Plaintiffs Arsenal Resources LLC and Arsenal Midstream LLC.

#56521967 v7

## PRELIMINARY STATEMENT

1.      Defendant Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 1 of the Complaint, except that the first sentence of Paragraph 1 purports to summarize the Complaint which speaks for itself.  Further, Cleveland Brothers specifically denies that it was ever privy to any "proposed payment structure" of the various Defendants' claims, or of any negotiations or other communications among Defendants in any effort to reach agreement regarding such payment.

## JURISDICTION AND VENUE

2.      Paragraph 2 of the Complaint is admitted.

3.      The first sentence of Paragraph 3 of the Complaint states a legal conclusion to which no response is required.   The second sentence of paragraph 3 of the Complaint contains no allegations of fact and therefore no response is required.  Cleveland Brothers consents to the entry of final orders or judgments to the extent it is determined that the Court, absent consent of the other parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

4.      Paragraph 4 of the Complaint is admitted.

5.      Paragraph 5 of the Complaint states a legal conclusion to which no response is required.

## PARTIES

6.      Admitted.

7.      Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 7 of the Complaint.

#56521967 v7

8.      Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 8 of the Complaint.

9.      Admitted.

10.     Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 10 of the Complaint.

11.     Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 11 of the Complaint.

12.     Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 12 of the Complaint.

13.     Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 13 of the Complaint.

14.     Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 14 of the Complaint.

15.     Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 15 of the Complaint.

## **BACKGROUND**

16.     Admitted.

17.     Admitted in part.  It is admitted that the Company and Cofano entered into a Master Services Agreement; however, Cleveland Brothers is without information or knowledge sufficient to allow it to admit or deny the amount of money owed by the Company under the terms of that Master Services Agreement.  By way of further answer, Cleveland Brothers is owed $535,468.06 for equipment and services it provided in connection with the construction of the Pritt Well Connect Project.

#56521967 v7

18.     Admitted in part.  It is admitted that Cleveland Brothers served as an equipment supplier to Cofano in connection with the construction of the Pritt Well Connect Project; however, Cleveland Brothers is without information or knowledge sufficient to allow it to admit or deny whether the other named entities also served as subcontractors to Cofano on the Pritt Well Connect Project.

19.     Cleveland Brothers is without information or knowledge sufficient to allow it to admit or deny whether Cofano filed a West Virginia mechanics lien in the amount state for money owed by the Company under the terms of that Master Services Agreement and/or work performed on the Pritt Well Connect Project.  By way of further answer, Cleveland Brothers is owed $535,468.06 for equipment and services it provided in connection with the construction of the Pritt Well Connect Project.

20.     Cleveland Brothers admits only that it has given notice of and perfected a West Virginia mechanics lien in relation to the Pritt Well Connect Project as it has not been paid $535,468.06 for equipment and services supplied by it which were necessary for the construction of the Pipeline.   With regard to the remaining allegations of the paragraph, Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 20 of the Complaint.

21.     Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 21 of the Complaint.

22.     Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 22 of the Complaint.

23.     Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 23 of the Complaint.

#56521967 v7

24.    Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 24 of the Complaint.

25.    Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 25 of the Complaint.

26.    Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 26 of the Complaint.

27.    Paragraph 27 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is otherwise deemed necessary and to the extent that the allegations can be read to permit the Debtor not to pay the full amount of $535,468.06 owed to Cleveland Brothers by Cofano, which claims are secured by a perfected and duly noticed mechanics' lien on the Debtors' property, the allegations of the paragraph are denied in their entirety.  By way of further answer, Cleveland Brothers incorporates by reference as if set forth fully herein its Cross-Claims against the other defendants and its Counterclaim against the property of the Counterclaim Defendants (as defined below).

## COUNT I – COMPLAINT FOR INTERPLEADER

28.    Cleveland Brothers incorporates by reference as if set forth fully herein its answers to the Paragraphs above.

29.    Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 29 of the Complaint.  By way of further answer, to the extent that the paragraph states a legal conclusion, no response is required.  To the extent that a response is otherwise deemed necessary, the allegations of the paragraph are denied in their entirety, except it is admitted that, to the extent any of the Disputed Cofano Funds may be interpleaded in this action, such funds should be allocated and paid to Cleveland Brothers to the

extent of Cleveland Brothers' claim of $535,468.06 against Cofano, which claim is secured by a duly noticed and perfected mechanics' lien on the property of the Counterclaim Defendants (as defined below).

30.     Cleveland Brothers is without information or knowledge sufficient to admit or deny the allegations of Paragraph 30 of the Complaint.

31.     Paragraph 31 states a legal conclusion to which no response is required.  To the extent that a response is otherwise deemed necessary, the allegations of the paragraph are denied in their entirety except it is admitted that, to the extent any of the Disputed Cofano Funds may be interpleaded in this action, such funds should be used satisfy all of Cleveland Brothers' claim of $535,468.06 against Cofano, which claim is secured by a duly noticed and perfected mechanics' lien on the property of the Counterclaim Defendants (as defined below).

**WHEREFORE**, Cleveland Brothers respectfully requests that the Court award Cleveland Brothers $535,468.06 plus costs and such other relief as this Court may deem just and proper.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT, 28 U.S.C. § 2201,  AGAINST ARSENSAL RESOURCES LLC AND ARSENAL MIDSTREAM LLC

For its Counterclaims against Plaintiffs (the "**Counterclaims**"), counterclaim defendants, Arsenal Resources LLC ("**ARL**" or "**Arsenal**") and Arsenal Midstream LLC ("**AML**" and, together with ARL, the "**Counterclaim Defendants**"), pursuant to 28 U.S.C. § 2201, and Federal Rules of Bankrupt Procedure 7001 and 7013 (incorporating Rule 13(a) and (b) of the Federal Rules of Civil Procedure), Cleveland Brothers avers as follows:

## JURISDICTION AND VENUE FOR COUNTERLCAIMS AND CROSS-CLAIMS

1.     Cleveland Brothers hereby incorporates the above paragraphs, as if set forth at length herein.

6

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  The Counterclaims and Cross-Claims asserted by Cleveland Brothers herein relate to or arise in the above-referenced bankruptcy cases of the Debtors under chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), pending in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**" or, the "**Court**") or otherwise arise under chapter 11 of the Bankruptcy Code.

3.     This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (L), (N), and (O).  Cleveland Brothers consents to the entry of final orders or judgments to the extent it is determined that the Court, absent consent of the other parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND FOR COUNTERCLAIMS

### Cleveland Brothers' Mechanic's Lien Action Against Counterclaim Defendants

5.     Prior to the Petition Date, Cleveland Brothers provided equipment to Cofano Energy Services LLC ("**Cofano**"), a contractor hired by the Debtors to work on the construction, installation, and improvement of a pipeline known as the Pritt Well Connect Project, located in part on the real estate known as tax map and parcel number 47-033-15-351-4, in the Simpson District of Harrison County, West Virginia (the "**Pipeline Property**").[2]

---

[2] The Pipeline Property is more fully described by the Memorandum of Pipeline Right of Way Agreement, filed on March 14, 2019 at Book 1630, Page 505 and in the Easement Ratification and Agreement, filed May 14, 2019 at Book 1633, Page 933, each of which were filed with the State of West Virginia.

#56521967 v7

6.     The Counterclaim Defendants, ARL and AML (each of whom are among the so-called OpCo Debtors under the Plan), have an interest in the Pipeline Property upon which a mechanic's lien arising under West Virginia law can be asserted, perfected, and enforced. Cofano refused to pay Cleveland Brothers for its services, leaving an outstanding balance owed of no less than $535,468.06.

7.     On August 27, 2019, Cleveland Brothers filed a timely notice of mechanic's lien (including any subsequent suit by Cleveland Brothers to enforce such lien and seek related relief, the "**Mechanic's Lien Proceeding**") against the Mechanic's Lien Debtors in the amount of $535,468.06 (the "**Cleveland Brothers' Mechanic's Lien**").  Pursuant to West Virginia law W. Va. Code § 38-2-17, the date of the attachment of a mechanic's lien is the first day the work was performed, *i.e.* the first day that Cleveland Brothers' equipment was provided to Cofano, which was March 11, 2019.

8.     Under West Virginia law, Cleveland Brothers has six months, or until approximately February 27, 2020, to initiate a suit to maintain the perfection of and enforce its mechanic's lien in the Debtors' interest in the Pipeline Property.  *See* W. Va. Code § 38-2-34(a).

9.     Cleveland Brothers intends timely to file suit (the "**Mechanic's Lien Suit")** to maintain the perfection of and enforce its mechanic's lien in accordance with West Virginia law and seek other related relief.

**Filing, Confirmation and Effective Date of Amended Plan**

10.  On the Petition Date of November 8, 2019, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Also on the Petition Date, the Debtors filed a proposed chapter 11 plan.

11. On December 19, 2019, the Bankruptcy Court entered its *Order (I) Approving The Adequacy Of The Disclosure Statement And The Prepetition Solicitation Procedures And (II) Confirming The First Amended Joint Pre-Packaged Plan Of Reorganization* (the "**Confirmation Order**") confirming the Debtor First Amended Joint Pre-Packaged Plan Of Reorganization (the "**Amended Plan**"). The Amended Plan and Confirmation Order shall be deemed to be incorporated into these Counterclaims by reference.

12. On January 7, 2020, the Effective Date (as defined in the Amended Plan) of the Amended Plan occurred.

**Classification and Description of General Unsecured and Secured Claims Against OpCo Debtors**

13. Under Article I, Section B.1.112 of the Amended Plan, the Counterclaim Defendants are among the so-called "OpCo Debtors".

14. Article III, Section C.(vi.)(2)(A)-(C) of the Amended Plan purports to leave general unsecured claims against the OpCo Debtors (Class 6B under the Amended Plan) unimpaired under section 1124 of the Bankruptcy Code.

15. Article III, Section C.(vii.)(2)(A)-(C) of the Amended Plan purports to leave other secured claims against the Debtors, including secured claims against the OpCo Debtors (Class 7A under the Amended Plan) unimpaired under section 1124 of the Bankruptcy Code.

16. Article III, Section D of the Amended Plan provides, in relevant part, that:

Holders of Unimpaired Claims . . . shall retain all of their rights under applicable law to pursue their Unimpaired Claims in any forum with jurisdiction over the parties. Notwithstanding anything to the contrary in the Plan, each Holder of  . . . an Allowed OpCo General Unsecured Claim, Allowed Other Secured Claim, . . . shall be entitled to enforce its rights, in any rights of setoff, in respect of such Unimpaired Claim and the Debtors or the Reorganized Debtors, as applicable, until such Unimpaired Claim has been either (a) paid in full (i) on terms agreed to between the Holder of such Unimpaired Claim and the Debtors or the Reorganized Debtors, as applicable, or (ii) in accordance

9

with the terms and conditions of the applicable documentation or laws giving rise to such Unimpaired Claim or (b) otherwise satisfied and disposed of as determined by a court of competent jurisdiction.

**Rights of Cleveland Brothers to Deficiency Claim Under Section 1111(b)(1)(A)**

17.   Section 1111(b)(1)(A) of the Bankruptcy Code provides, in relevant part, that:

A claim secured by a lien on property of the estate shall be allowed or disallowed under section 502 of this title the same as if the holder of such claim had recourse against the debtor on account of such claim, whether or not such holder has such recourse unless –
        (i) the class of which such claim is a part elects, by at least two-third in amount and more than half in number of allowed claims of such claim, applicable of paragraph (2) of this subsection; or
        (ii) such holder does not have such recourse and such property is sold under section 363 of this title or is to be sold under the plan.

18.   The Debtors, including the Counterclaim Defendants as OpCo Debtors, retained any interest that they held in or pertaining to the Pipeline Property and did not sell such property either under section 363 of the Bankruptcy Code or pursuant to the Amended Plan.

19.   The Holders of claims under Class 7A of the Amended Plan, did not make the election identified in sections 1111(b)(1)(A)(i) and 1111(b)(2) of the Bankruptcy Code.

20.   Upon information and belief, Cleveland Brothers' Mechanic's Lien Claims are *in rem/non-recourse* claims as against the Counterclaim Defendants.[3]

21.   The property of the Counterclaim Defendants subject to the Cleveland Brothers' Mechanic's Lien may, upon the enforcement of, and foreclosure upon such lien, be insufficient to satisfy in full Cleveland Brothers' claim of $535,468.06 secured by such lien.

22.   Pursuant to Paragraph 68 of the Confirmation Order, "[a]ll parties' rights and arguments as to the treatment of Cleveland Brothers' claims under sections 1124 and 1111(b) of

---

[3] Nothing herein is intended to, nor shall it, waive any rights, claims or remedies of Cleveland Brothers against other parties, including its right to pursue the cross-claims against the defendants asserted herein including the *in personam* cross-claims against Cofano.

the Bankruptcy Code and the Plan, including whether some or all of Cleveland Brothers claims

are entitled to be treated as recourse deficiency claims under section 1111(b)(1)(A) of the

Bankruptcy Code, are reserved in their entirety."

## COUNTERCLAIMS COUNT I – DECLARATORY JUDGMENT FOR DEFICIENCY CLAIM AGAINST COUNTERCLAIM DEFENDANTS

23.    All prior paragraphs of Cleveland Brother's answer to the Complaint and all prior

paragraphs of these Counterclaims are incorporated herein by reference as if fully set forth

herein.

32.    Cleveland Brothers has asserted the Cleveland Brothers' Mechanic's Lien in the

Mechanic's Lien Proceeding.

33.    The Cleveland Brothers' Mechanic's Lien is an *in rem*, non-recourse claim

against the Counterclaim Defendants under applicable non-bankruptcy law.

34.    The secured portion of the Cleveland Brothers' Mechanic's Lien claim against the

Counterclaim Defendants is a Class 7A Claim under the Amended Plan.

35.    The property of the Counterclaim Defendants against which Cleveland Brothers'

Mechanic's Lien claim has been asserted was neither sold in the Debtors' bankruptcy cases

under section 363 of the Bankruptcy Code nor was it to be sold pursuant to the Amended Plan.

36.    Class 7A under the Amended Plan did not make an effective and enforceable

election under sections 1111(b)(1)(A)(i) and 1111(b)(2) of the Bankruptcy Code.

37.    To the extent that the court presiding over the Mechanic's Lien Proceeding orders

that Cleveland Brothers, in the Cleveland Brothers Mechanic's Lien Proceeding (or any other

proceeding by a court of competent jurisdiction), holds a valid and enforceable mechanic's lien

against the Property of either or both of the Counterclaim Defendants under applicable non-

#56521967 v7

bankruptcy law, Cleveland Brothers shall be deemed to hold an Allowed Class 7A Claim under

the Amended Plan against each such Counterclaim Defendant against whom it holds a valid and

enforceable mechanic's lien claim, regardless of the value of the lien asserted against each such

Counterclaim Defendant.

38.      Cleveland Brothers shall be entitled, pursuant to section 1111(b)(1)(A) of the

Bankruptcy Code, to an allowed recourse deficiency claim against each Counterclaim Defendant

against whom it holds a valid and enforceable mechanic's lien claim, for any portion of

Cleveland Brothers' claim of $535,486.06 that is not satisfied through the foreclosure upon the

property subject to the Cleveland Brothers' Mechanic's Lien (the "**Cleveland Brothers'**

**Deficiency Claim**") and may have such deficiency claim entered as a judgment and enforced by

a non-bankruptcy court of competent jurisdiction including in connection with, and by the court

presiding over, the Mechanic's Lien Proceeding.

39.      The Cleveland Brothers' Deficiency Claim shall be deemed an Allowed Class 6 B

General Unsecured Claim against each Counterclaim Defendant against whom Cleveland

Brothers holds a valid and enforceable mechanic's lien claim.

40.      This dispute is ripe for adjudication because Cleveland Brothers is poised to

commence the Mechanic's Lien Suit seeking to establish and enforce the Cleveland Brothers'

Mechanic's Lien against the Counterclaim Defendants and the non-bankruptcy court deciding

this issue will need clear guidance on whether Cleveland Brothers will be entitled to a deficiency

judgment under the Bankruptcy Code should the enforcement of such lien(s) yield insufficient

proceeds to satisfy Cleveland Brothers' claim in full.

WHEREFORE, Cleveland Brothers respectfully requests that the Court enter an

Order:

12

a.      granting a declaratory judgment in favor of Cleveland Brothers on Cleveland Brothers' Counterclaim against the Counterclaim Defendants;

b.      ordering that, to the extent that a non-bankruptcy court of competent jurisdiction orders that Cleveland Brothers holds a valid and enforceable mechanic's lien arising under non-bankruptcy law against either or both of the Counterclaim Defendants:

(i)  Cleveland Brothers shall be deemed to hold an Allowed Class 7A Claim under the Amended Plan against each such Counterclaim Defendant against whom it holds a valid and enforceable mechanic's lien claim under applicable non-bankruptcy law, regardless of the value of the lien asserted against each such Counterclaim Defendant;

(ii) Cleveland Brothers shall be entitled, pursuant to section 1111(b)(1)(A) of the Bankruptcy Code, to an allowed recourse deficiency claim against each Counterclaim Defendant against whom it holds a valid and enforceable mechanic's lien claim under applicable non-bankruptcy law, for any portion of Cleveland Brothers' claim of $535,486.06 that is not satisfied through the foreclosure upon the property subject to the Cleveland Brothers' Mechanic's Lien;

(iii)  Cleveland Brothers may have the Cleveland Brothers' Deficiency Claim entered as a judgment and enforced by a non-bankruptcy court of competent jurisdiction including in connection with, and by the court presiding over, the Mechanic's Lien Proceeding;

(iv)  the Cleveland Brothers' Deficiency Claim shall be deemed an Allowed Class 6 B General Unsecured Claim against each Counterclaim Defendant against whom such court determines that Cleveland Brothers holds a valid and enforceable mechanic's lien claim; and

#56521967 v7

(v) costs and such other relief as this Honorable Court deems just and appropriate.

## CROSS-CLAIMS

### CROSS-CLAIM COUNT I - BREACH OF CONTRACT
### AGAINST COFANO ENERGY SERVICES, LLC

For its Cross-Claims against Defendant Cofano and the other above-captioned defendants, Defendant/Cross-Plaintiff Cleveland Brothers, pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7013, avers as follows:

41.     Cleveland Brothers incorporates the above paragraphs (including those pertaining to jurisdiction and venue) as if set forth herein at length.

42.     Upon information and belief, on or about October 29, 2018, Arsenal and Cofano entered into a contract related to the construction of a pipeline known as the Pritt Well Connect Project ("**Pritt Pipeline**").

43.     Cofano was a contractor to Arsenal in connection with the construction of the Pritt Pipeline located on Pipeline Property.

44.     Cofano engaged Cleveland Brothers to furnish, service, and deliver to Cofano, certain rental construction equipment for use in the erection and construction of the Pritt Pipeline as reflected by rental agreements and invoices entered into between Cofano and Cleveland Brothers.

45.     Cofano also engaged Cleveland Brothers to furnish, service, and deliver parts and services for equipment used in the construction of the Pritt Pipeline as reflected by rental agreements and invoices entered into between Cofano and Cleveland Brothers.

14

46.     Between March 11, 2019, and June 19, 2019, Cofano rented construction equipment from Cleveland Brothers, and Cofano purchased parts and services for use in the construction, installation, and improvement of the Pritt Pipeline.  A statement summarizing Cofano's equipment rentals and purchases of parts and services from Cleveland Brothers is attached hereto as **Exhibit 1**.

47.     As set forth above and as evidenced by the rental agreements and the invoices, a contract exists between Cleveland Brothers and Cofano pursuant to which Defendant is obligated to pay Cleveland Brothers $535,468.06 for the rental of equipment and purchase of parts and services.

48.     Cleveland Brothers provided the equipment and the parts and services to Cofano, but Cofano failed to pay.

49.     Cofano's failure to pay constitutes a breach of the contract.

50.     Cofano did not raise any objections to Cleveland Brothers' invoices.

51.     Despite repeated demands, Cofano has failed to make payments on the invoices and owes Cleveland Brothers $535,468.06.

52.     Cofano is, therefore, in breach of its obligations under the contract.

53.     As a result of this breach, Cleveland Brothers has suffered damages in excess of $535,468.06.

**WHEREFORE**, Cleveland Brothers respectfully requests that the Court award Cleveland Brothers $535,468.06 and such other relief as this Court may deem just and proper.

### CROSS-CLAIM COUNT II  UNJUST ENRICHMENT AGAINST COFANO ENERGY SERVICES, LLC

54.     Cleveland Brothers incorporates the above paragraphs (including those pertaining to jurisdiction and venue) as if set forth herein at length.

#56521967 v7

55.     In the event Cofano contends that no contractual relationship existed with Cleveland Brothers, Cleveland Brothers is entitled to recover the outstanding amounts to prevent Defendant from being unjustly enriched.

56.     Cleveland Brothers provided equipment rentals, parts and services to Cofano for which Cleveland Brothers has not been paid.

57.     Cleveland Brothers has a reasonable expectation to be paid.

58.     Cofano reasonably should have expected to pay for equipment rentals, parts, and services that it received.

59.     It would be inequitable for Cofano to have received the equipment rentals and parts and obtained the value of services without paying.

60.     Cleveland Brothers is entitled to collect the outstanding balance from Cofano under the doctrine of unjust enrichment.

**WHEREFORE**, Cleveland Brothers respectfully requests that the Court award Cleveland Brothers the amount of $535,468.06 and such other relief as this Court may deem just and proper.

### CROSS-CLAIM COUNT III – DECLARATORY JUDGMENT AGAINST COFANO, BAYOU CITY EQUIPMENT, LLC, CAPITAL FOUNDRY LLC, CROSS COUNTRY INFRASTRUCTURE SERVICES INC. F/K/A CROSS-COUNTRY PIPELINE SUPPLY CO., INC, DARBY EQUIPMENT COMPANY, GEOCORR LLC, PIPELINE SUPPLY & SERVICE, LLC, AND UNITED RENTALS (NORTH AMERICA), INC. (COLLECTIVELY "CROSS-CLAIM DEFENDANTS")

61.     Cleveland Brothers incorporates the above paragraphs (including those pertaining to jurisdiction and venue) as if set forth herein at length.

62.     As set forth above, valid contracts exists between Cleveland Brothers and Cofano related to the construction of the Pipeline.

63.     Cleveland Brothers fully performed its obligations under the contracts.

#56521967 v7

64.     Cofano has yet to pay money due and owing to Cleveland Brothers in the amount of $535,468.06.

65.     The last equipment furnished to Cofano was rented on June 19, 2019.

66.     Within 100 days of the date the last rental equipment was supplied to Cofano, Cleveland Brothers perfected a Mechanic's Lien, as identified in the Notices of Mechanic's Lien, recorded in Harrison County, West Virginia, on August 17, 2019, at Instrument Number 201900018922, at Book 20, Page 1, and at Instrument Number 201900018923, at Book 20, Page 8, and at Instrument Number 201900018924, at Book 20, Page 15, in the amount of five hundred thirty-five thousand, four hundred sixty-eight dollars and six cents ($535,468.06). The Notices of Mechanic's Lien are attached hereto and incorporated herein by reference as **Exhibit 2**.

67.     The notices of the Mechanics Lien were provided to the owner of the property on August 27, 2019.  W.Va. Code 38-2-9.

68.     The Mechanic's Lien perfected by Cleveland Brothers has priority over other liens as set forth in W.Va. Code § 38-2-17.

69.     Cofano holds two mechanics' liens against Arsenal and AML in Harrison County, West Virginia, filed on September 17, 2019, and October 2, 2019.

70.     Cleveland Brothers' lien has priority over Cofano's liens, and any liens of Cofano's assignee(s), pursuant to W.Va. Code § 38-2-18.

71.     Cleveland Brothers has fully complied with all of the applicable provisions of Chapter 38, Article 2, Section 1, *et seq*., of the West Virginia Code, as amended, for perfecting and enforcing its Mechanic's Liens, including the timely filing of the Notices of Mechanic's Lien and this Complaint.

#56521967 v7

72.     No portion of Cleveland Brothers' Mechanics Lien has been satisfied nor have any valid defenses been raised thereto.

73.     Cleveland Brothers is a beneficial owner of a lien against Arsenal's and AML's interest in the above-described real estate in the amount of $535,468.06 by virtue of the Mechanic's Liens.

74.     Cleveland Brothers' right to $535,468.02 of the $1,371,569.22 which Arsenal and AML interplead in this adversary proceeding is superior to that of Cofano and its assignees. *See* W.Va. Code § 38-2-18.

75.     In total, Cofano owes the remaining Co-Defendants $304,133, which combined with its outstanding debt to Cleveland Brothers, totals less than the available funds interpleaded by Arsenal and AML in this adversary proceeding.  (*See* Arsenal's Complaint for Interpleader, ¶¶ 20, 21.)

**WHEREFORE**, Cleveland Brothers respectfully requests that the Court grant the following relief:

a.     declaration that Cleveland Brothers is entitled to payment of $535,468.06 of the funds that are the subject of the interpleader, together with costs of this action; and

b.     entry of judgment in favor of Cleveland Brothers in the sum of not less than $535,468.06 (together with costs) and ordering such portion of the interpleaded funds forthwith to be paid over to Cleveland Brothers; and,

c.     such other additional relief as this Honorable Court may deem just and proper.

#56521967 v7

Dated: January 16, 2020

**PEPPER HAMILTON LLP**

*/s/ Henry J. Jaffe*
Henry J. Jaffe (DE Bar No. 2987)
Kenneth A. Listwak (DE Bar No. 6300)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE  19801
Telephone: (302) 777-6500
Facsimile:  (302) 421-8390
jaffeh@pepperlaw.com
listwakk@pepperlaw.com

Justin G. Weber
Suite 200
100 Market Street
P.O. Box 1181
Harrisburg, Pennsylvania 17108-1181
Telephone: (717) 255-1170
Facsimile:  (717) 238-0575
weberjg@pepperlaw.com

- and –

Bruce E. Stanley (admission *pro hac vice* pending)
Alicia M. Schmitt (admission *pro hac vice* pending)
**STANLEY & SCHMITT PC**
2424 Craftmont Avenue
Pittsburgh, PA 15205
Telephone: (412) 401-4654
Facsimile:  (412) 265-6015
bruce@stanleyschmittlaw.com
alicia@stanleyschmittlaw.com

*Counsel for Cleveland Brothers Equipment Co., Inc.*

19