# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ARSENAL RESOURCES DEVELOPMENT HOLDINGS 1 LLC,<br><br>                              Debtor. | Chapter 11<br><br>Case No. 19-12347 (BLS)<br><br>(Jointly Administered) |
| ARSENAL RESOURCES LLC and ARSENAL MIDSTREAM LLC,<br><br>                              Plaintiffs,<br><br>v.<br><br>BAYOU CITY EQUIPMENT, LLC, CAPITAL FOUNDRY LLC, BAYOU CITY EQUIPMENT CO., INC., COFANO ENERGY SERVICES, LLC, CROSS COUNTRY INFRASTRUCTURE SERVICES INC. F/K/A CROSS-COUNTRY PIPELINE SUPPLY CO., INC., DARBY EQUIPMENT COMPANY, GEOCORR LLC, PIPELINE SUPPLY & SERVICE, LLC, and UNITED RENTALS (NORTH AMERICA), INC.<br><br>                              Defendants. | Adv. Proc. No. 19-51169 (BLS) |

## BAYOU CITY EQUIPMENT, LLC'S ANSWER
## TO CROSS-CLAIMS OF CLEVELAND BROTHERS EQUIPMENT CO, INC.

AND NOW comes Defendant Bayou City Equipment, LLC ("Bayou City"),[1] by and through its undersigned counsel, and for its Answer (this "Answer") to the Cross-Claims filed by Cleveland Brothers Equipment Co., Inc. ("Cleveland Brothers"), states as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Answer [ECF No. 24] filed by Bayou City in this adversary proceeding, or the Complaint [ECF No. 1] filed in this adversary proceeding by Plaintiffs Arsenal Resources LLC and Arsenal Midstream LLC.

### CROSS-CLAIM COUNT III
### DECLARATORY JUDGMENT AGAINST COFANO, BAYOU CITY EQUIPMENT, LLC, CAPITAL FOUNDRY LLC, CROSS COUNTRY INFRASTRUCTURE SERVICES, INC. F/K/A CROSS-COUNTRY PIPELINE SUPPLY CO., INC., DARBY EQUIPMENT COMPANY, GEOCORR LLC, PIPELINE SUPPLY & SERVICE, LLC, AND UNITED RENTALS (NORTH AMERICA), INC. (COLLECTIVELY, "CROSS-CLAIM DEFENDANTS")

61. Paragraph 61 purports to incorporate paragraphs 1-60 of Cleveland Brothers' complaint, counterclaims, and cross-claims. Accordingly, no response is required. To the extent a response is required, Bayou City is without information or knowledge sufficient to admit or deny the allegations of Paragraph 61 of the Cross-Claim.

62. Paragraph 62 of the Cross-Claim states a legal conclusion to which no response is required. To the extent a response is required, Bayou City is without information or knowledge sufficient to admit or deny the allegations of Paragraph 62 of the Cross-Claim.

63. Bayou City is without information or knowledge sufficient to admit or deny the allegations of Paragraph 63 of the Cross-Claim.

64. Bayou City is without information or knowledge sufficient to admit or deny the allegations of Paragraph 64 of the Cross-Claim.

65. Bayou City is without information or knowledge sufficient to admit or deny the allegations of Paragraph 65 of the Cross-Claim.

66. Paragraph 66 of the Cross-Claim states a legal conclusion to which no response is required. To the extent a response is required, Bayou City is without information or knowledge sufficient to admit or deny the allegations of Paragraph 66 of the Cross-Claim.

67. Bayou City is without information or knowledge sufficient to admit or deny the allegations of Paragraph 67 of the Cross-Claim.

68. Paragraph 68 states a legal conclusion to which no response is required. To the extent that a response is otherwise deemed necessary, the allegations of the paragraph are denied in their entirety.

69. Bayou City is without information or knowledge sufficient to admit or deny the allegations of Paragraph 69.

70. Paragraph 70 states a legal conclusion to which no response is required. To the extent that a response is otherwise deemed necessary, the allegations of Paragraph 70 are denied in their entirety.

71. Paragraph 71 states a legal conclusion to which no response is required. To the extent a response is required, Bayou City is without information or knowledge sufficient to admit or deny the allegations of Paragraph 71 of the Cross-Claim.

72. Bayou City is without information or knowledge sufficient to admit or deny the allegations of Paragraph 72.

73. Paragraph 73 states a legal conclusion to which no response is required. To the extent that a response is otherwise deemed necessary, the allegations of Paragraph 73 are denied in their entirety.

74. Paragraph 74 states a legal conclusion to which no response is required. To the extent that a response is otherwise deemed necessary, the allegations of Paragraph 74 are denied in their entirety.

75. Admitted that Bayou City is owed at least $77,247.91 for equipment and services it provided in connection with the construction of the Pritt Well Connect Project. Bayou City is without information or knowledge sufficient to admit or deny the remaining allegations of Paragraph 75 of the Cross-Claim.

## AFFIRMATIVE DEFENSES

### First Defense

Bayou City's lien on the Debtors' property has priority over other liens on the Debtors' property under federal and state law.

### Second Defense

Bayou City asserts that it is the proper recipient of at least $77,247.91 from the Disputed Cofano Funds as Bayou City is owed at least $77,247.91 in past due payments from Cofano.

### Third Defense

Bayou City asserts any and all rights it has under federal and state law with respect to the Disputed Cofano Funds.

### Fourth Defense

Bayou City reserves and does not waive any of its rights under its agreements with Cofano.

### Fifth Defense

Bayou City gives notice that it intends to rely upon any other defense or claims that may become available or appear during the proceedings in this matter and hereby reserves the right to amend its Answer to assert any such defense or claims.

Dated: February 14, 2020

**JACKSON WALKER LLP**

*/s/ Kristhy M. Peguero*_____
Kristhy M. Peguero (DE No. 4903)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Facsimile: (713)-754-6740
Email: kpeguero@jw.com

*Counsel for Defendant Bayou City Equipment, LLC*